J-S39004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN MAURICE MCCALLUM, | |
| Appellant | No. 675 WDA 2016 |

Appeal from the PCRA Order Entered January 13, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006938-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 06, 2017**

Appellant, Kevin Maurice McCallum, appeals from the post-conviction court's January 13, 2016 order that denied in part, and granted in part, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.  Additionally, Appellant's counsel, Alan R. Patterson III, Esq., has filed a petition to withdraw from representing Appellant, along with an ***Anders***[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See Anders v. California***, 386 U.S. 738 (1967).  While a 'no-merit' letter under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Patterson's ***Anders*** brief in lieu of a ***Turner/Finley*** no-merit letter.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter.") (citation omitted).

brief. After careful review, we affirm the PCRA court's order denying Appellant's petition, and grant counsel's petition to withdraw. However, because we *sua sponte* conclude that Appellant's sentence for simple assault is illegal, we vacate his judgment of sentence only for that offense.

On February 25, 2013, Appellant entered an open guilty plea to aggravated assault, simple assault, possessing an instrument of crime (PIC), and recklessly endangering another person (REAP). At the plea proceeding, the Commonwealth summarized the factual basis for Appellant's plea as follows:

> Had this case proceeded to trial, the Commonwealth would have called Harmar Township police officer Brian Swetof, … as well as Lauren [Bureau] and two staff members of the Harmar Village Care Facility.
>
> They would testify on direct examination as follows: That on April 24, 2012, Officer Swetof responded to the Harmar Village Care Facility and interviewed an individual by the name of Lauren Bureau. She had indicated to him that she was on a break on the outside patio section of the care facility, and she observed an individual approaching her holding a baseball bat.
>
> As that individual got closer, she noticed it was … [Appellant] who[m] she had had an intimate relationship with in the past. [Appellant] had a mask partially covering his face; however, she was able to clearly visualize that it was, in fact, him. He struck her repeatedly with the bat injuring her face, arms and legs and actually fracturing her kneecap as well as her arm.
>
> On further investigation, the police would testify that they learned that an individual by the name of Bobbie Jo Schreckengost (phonetic) had notified the defendant of the victim's work schedule. In this case, Ms. Schreckengost is a co-worker who also had some tensions with Ms. Bureau.

N.T. Guilty Plea, 2/25/13, at 7-8.

On May 7, 2013, the court sentenced Appellant to a term of 6 to 12 years' incarceration, followed by 20 years' probation, for his aggravated assault conviction. The court also imposed concurrent terms of 1 to 2 years' incarceration for each of Appellant's remaining offenses, *i.e.*, simple assault PIC, and REAP. Appellant filed timely post-sentence motions, including a motion to withdraw his guilty plea, which apparently were never ruled on by the court, nor did the clerk of courts enter an order deeming them denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a), (c). Appellant did not thereafter file a direct appeal.

Instead, in January of 2014, Appellant filed a timely, *pro se* PCRA petition. Ryan Tutera, Esq., was appointed to represent Appellant, and Attorney Tutera filed an amended petition, and a "Supplemental Petition to Amended PCRA Petition," on Appellant's behalf in the ensuing year. In those petitions, Attorney Tutera raised claims of ineffective assistance of trial counsel (IAC), and also challenged the legality of Appellant's 20-year term of probation for his aggravated assault conviction. Finally, on May 6 and 7 of 2015, the court conducted an evidentiary hearing and, on January 13, 2016, the PCRA court entered an order denying in part, and granting in part, Appellant's petition. Specifically, the court denied Appellant's IAC claims, but granted his sentencing claim and scheduled a resentencing hearing. On March 17, 2016, Appellant was resentenced to the same terms of incarceration stated, *supra*, and to a probationary term of 8 years, rather than 20. **See** N.T. Resentencing Hearing, 3/17/16, at 3.

- 3 -

Attorney Tutera thereafter filed a timely notice of appeal on Appellant's behalf, stating that Appellant was appealing "from the order entered in the above-captioned matter on the 17th day of March, 2016." Notice of Appeal, 4/18/16. Attorney Tutera then filed a petition to withdraw as Appellant's counsel, which was granted on April 20, 2016. That same day, the court issued an order appointing Attorney Patterson to represent Appellant, and directing counsel to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On May 10, 2016, Attorney Patterson filed an "Amended Notice of Appeal" with this Court, which purportedly corrected unspecified "filing deficiencies" in Attorney Tutera's notice of appeal. Notably, in Attorney Patterson's notice of appeal, he again stated that Appellant was appealing from the "[j]udgment of [s]entence … dated March 17, 2016…." Amended Notice of Appeal, 5/10/16. Additionally, after being granted extensions of time to file his concise statement, Attorney Patterson filed that statement on June 30, 2016. Therein, counsel preserved three issues for our review:

> a. The PCRA Court erred or abused its discretion in failing to grant [Appellant] relief in the form of a resentencing or a new trial based on a properly pled, preserved and supported IAC claim involving trial counsel's failure to either communicate a plea agreement of 4 to 8 years, a sentence below the mitigated range of the sentencing guidelines, or properly counsel [Appellant] to accept this agreement instead of having [Appellant] plea[d] generally knowing [Appellant's] prior record and guideline sentences to which [Appellant] was exposed, said representation being prejudicial to [Appellant] entitling him to relief; and,

- 4 -

b. The PCRA [c]ourt erred or abused its discretion in failing to grant [Appellant] relief based on a properly pled, preserved and supported IAC claim involving trial counsel's failure to obtain the trial file from prior counsel, [public defender] Stacey Steiner, failing to properly investigate and prepare for representation of [Appellant] considering the serious nature of the charges and [Appellant's] prior criminal history before allowing him to plea[d] generally, including failing to interview available alibi witnesses, said representation being prejudicial to [Appellant] entitling him to relief; and,

c. The PCRA Court erred or abused its discretion in failing to grant [Appellant] relief based on a properly pled, preserved and supported IAC claim involving trial counsel's failure to investigate and advise [Appellant] regarding calling character witnesses at sentencing, said representation being prejudicial to [Appellant] entitling him to relief[.]

Pa.R.A.P. 1925(b) Statement, 6/30/16, at 1-2 (unnumbered).

Thereafter, Attorney Patterson filed with this Court a petition to withdraw and an **Anders** brief, which we will consider as his 'no-merit' letter under **Turner/Finley**.  In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927.  The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[2]  which provides:

_____

[2] In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." **Pitts**, 981 A.2d at 879.  In this case, Attorney Patterson filed his
*(Footnote Continued Next Page)*

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

***Friend***, 896 A.2d at 615 (footnote omitted).

Here, Attorney Patterson has provided this Court with a no-merit letter that sets forth the issues Appellant wishes to have reviewed, and he indicates the nature and extent of his review of those claims. He also explains why Appellant's issues are meritless. Attorney Patterson states that he has supplied Appellant with a copy of his no-merit letter, and he has provided this Court with a copy of a letter directed to Appellant in which he

_____

*(Footnote Continued)* ────────────

petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in ***Pitts*** is inapplicable.

- 6 -

informs Appellant of his right to proceed *pro se*.[3] Accordingly, Attorney Patterson has satisfied the first four requirements for withdrawal under ***Turner/Finley***, and we will conduct our own independent assessment of the record to determine if the issues Appellant seeks to raise on appeal are meritless.

Preliminarily, however, we must *sua sponte* address the timeliness of Appellant's appeal, as that issue implicates our jurisdiction. ***Commonwealth v. Trinidad***, 96 A.3d 1031 (Pa. Super. 2014). Appellant's three issues all challenge the PCRA court's denial of his ineffective assistance claims. That ruling was set forth in the court's January 13, 2016 order denying in part, and granting in part, Appellant's PCRA petition. It is clear that that order was final and appealable. ***See*** Pa.R.Crim.P. 910 (directing that "[a]n order granting, denying, dismissing, or otherwise finally disposing

---

[3] That letter is attached to a reply brief filed by Attorney Patterson in this case. Initially, Attorney Patterson attached to his petition to withdraw a letter directed to Appellant in which he attempted to explain to Appellant his right to proceed *pro se*. However, in the Commonwealth's brief to this Court, it expressed uncertainty as to whether Attorney Patterson's letter was adequate in that regard. Accordingly, Attorney Patterson filed a reply brief and attached thereto a new letter directed to Appellant, in which he clearly states that Appellant has "[t]he right to retain new counsel to represent [him] moving forward or the right to proceed *pro se*, or to represent [himself] moving forward." ***See*** Counsel's Reply Brief at Appendix "B." Additionally, Attorney Patterson informs Appellant that he has "the right, either through new counsel or by [himself], to raise or bring to the Superior Court's attention, any points that [he] believe[s] the Superior Court should consider beyond what was raised in the [no-merit letter] filed on November 28, 2016." ***Id.***

of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal"); *see also Commonwealth v. Gaines*, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (holding PCRA court's order, which granted defendant's sentencing claim and denied all other claims, was final appealable order; time to file appeal began to run on date of that order, rather than on date of resentencing). However, Appellant's notice of appeal was not filed until April 18, 2016, making it patently untimely. *See* Pa.R.A.P. 903(a) (directing that a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken).

Nevertheless, we decline to quash Appellant's appeal. While, generally, "an appellate court cannot extend the time for filing an appeal[,]" this Court has held that "this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007). In this case, there was a breakdown in the processes of the court, as the court did not adhere to Pa.R.Crim.P. 908, which states, in pertinent part:

> (E) If the judge disposes of the case in open court in the presence of the defendant at the conclusion of the hearing, the judge shall advise the defendant on the record of the right to appeal from the final order disposing of the petition and of the time within which the appeal must be taken. If the case is taken under advisement, or when the defendant is not present in open court, *the judge, by certified mail, return receipt requested, shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.*

Pa.R.Crim.P. 908(E) (emphasis added). At the conclusion of the PCRA hearing in the present case, the court took the matter under advisement. When it subsequently issued the January 13, 2016 order granting in part, and denying in part, Appellant's petition, the court did not inform Appellant of his right to appeal and the time limits within which to do so. In light of this breakdown in the court's processes, we will not quash Appellant's appeal based on its facial untimeliness.[4] ***See Commonwealth v. Meehan***, 628 A.2d 1151 (Pa. Super. 1993) (excusing untimeliness of an appeal from the denial of a PCRA petition, where the court failed to advise the petitioner of his right to appeal pursuant to Rule 908(E)).

We now move on to assessing whether Attorney Patterson is correct that Appellant's three IAC claims are meritless. First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa. 1997) (citing ***Commonwealth v. Travaglia***, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner

---

[4] We also recognize that Appellant's notice of appeal improperly states that he is appealing from his March 17, 2016 judgment of sentence, rather than the court's January 13, 2016 order denying his IAC claims. Because counsel's apparent confusion regarding the proper procedure for appealing from the denial of Appellant's IAC claims arguably stemmed from the PCRA court's failure to explain Appellant's appeal rights, we will overlook counsel's misstatement in Appellant's notice of appeal.

claims that he received ineffective assistance of counsel, our Supreme Court

has directed that the following standards apply:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland**[ **v. Washington**, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, 608 Pa. at

86–87, 10 A.3d at 291 (quoting **Commonwealth v. Collins**, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing **Strickland**, 466 U.S. at 694, 104 S.Ct. 2052)).

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014).

Appellant first contends that his trial counsel, Jeffrey Weinberg, Esq., was ineffective for not communicating to Appellant a plea offer of 4 to 8 years' incarceration. In rejecting this claim, the PCRA court reasoned:

> At the May 7, 2015 [PCRA] hearing, [Attorney] Weinberg testified. He recalled there was an offer made and its terms were 4 to 8 years. PCRA hearing transcripts, pg. 8 (May 7, 2015). He also told the [c]ourt that offer was communicated to [Appellant] on "several" occasions. [Appellant's] response to that offer was that he should not "suffer that kind of [] penalty for [the] crime [that was involved]." [**Id.** at 9].
>
> The [c]ourt also heard from [Appellant]. He testified that, in his mind, there was a plea agreement and it was for 4 years.
>
> The collective read of this oral evidence is that there was an offer extended by the [Commonwealth] and its terms were 4 to 8 years in jail. The [c]ourt also finds this offer was discussed between [Attorney] Weinberg and [Appellant] and it was ultimately rejected by [Appellant].
>
> …
>
> The [c]ourt finds the credible evidence shows there was a plea offer, it was discussed and then rejected by [Appellant,] which resulted in a general plea.

PCRA Court Opinion (PCO), 1/13/16, at 2 (footnote omitted).

The record supports the PCRA court's credibility determinations and, thus, they are binding on this Court. **See Commonwealth v. Medina**, 92 A.3d 1210, 1214-15 (Pa. Super. 2014). Because the PCRA court concluded that Attorney Weinberg conveyed the plea offer of 4 to 8 years' incarceration to Appellant, and Appellant chose to reject that offer, we see no error in the

PCRA court's decision that Attorney Weinberg did not act ineffectively. Thus, Appellant's first IAC claim is meritless.

Next, Appellant contends that Attorney Weinberg was ineffective for failing to fully investigate his alibi defense. By way of background, the evidence at the PCRA hearing demonstrated that Appellant told his initial trial counsel, Stacy Steiner, Esq., that he was at Wal-mart at the time of the crime. Appellant further informed Attorney Steiner that he had a store receipt and a potential witness - a Wal-mart cashier, whom Appellant knew personally - to verify this alibi. At the PCRA hearing, Attorney Steiner testified that she "sent an investigator from the [public defender's] office out to interview [the witness,]" who "corroborated not only the Wal-Mart receipt but [she] remembered [Appellant's] being there that night…." N.T. PCRA Hearing, 5/6/15, at 12. Accordingly, Attorney Steiner "filed a notice of alibi and prepared to go to trial." *Id.* at 12.

Attorney Weinberg then took over as Appellant's counsel, and he testified that he "discussed with [Appellant] his perceived alibi." N.T. PCRA Hearing, 5/7/15, at 4. Attorney Weinberg obtained the Wal-Mart receipt from Appellant, and conducted an investigation. *Id.* at 4, 6. Specifically, counsel asked the Wal-Mart store if it had video surveillance from the evening of the crime, but the store said that the video had been "taped over…." *Id.* at 7. Attorney Weinberg then "retraced the steps from the Wal-Mart to the … location" of the crime. *Id.* His traveling the route demonstrated that Appellant could have been at the Wal-Mart at the time he

- 12 -

claimed, yet still have made it to the scene of the crime at the approximate time of the attack on the victim. *Id.* at 20. In other words, Attorney Weinberg concluded that Appellant's "alibi was absurd[,]" *id.* at 7, and that if Appellant went to trial and put forth that defense, he "would have been laughed out of court[,]" *id.* at 21. Attorney Weinberg advised Appellant of his opinion in this regard, but also told Appellant that if he wanted to proceed to trial, they would go to trial. *Id.* at 21.

Based on this testimony, the PCRA court concluded that "[Attorney] Weinberg's efforts regarding the alibi falls within the reasonable conduct a lawyer should [do] … when representing a client who advances a possible alibi defense." PCO at 2. We see no error or abuse of discretion in the court's conclusion, namely because our review of the record reveals that Appellant did not present any evidence regarding what more Attorney Patterson should, or could, have done. He also did not present any evidence that had counsel done more, it would have proven that his alibi defense was viable, and changed the outcome of the proceedings. Therefore, Appellant's second IAC claim fails both the reasonable basis and prejudice prongs of the test for proving ineffectiveness.

Finally, Appellant claims that Attorney Weinberg acted ineffectively by not discussing, and/or calling to the stand, character witnesses to testify at Appellant's sentencing proceeding. In the PCRA court's Rule 1925(a) opinion, it addresses this IAC claim, stating:

[Appellant's] original *pro se* PCRA [petition] was filed on February 1, 2014. The phrase "character witnesses" was not ever mentioned. His counseled amended petition was filed 7 months later and advanced a position that his trial lawyer failed to communicate with him about character witnesses offer[ed as] evidence at a sentencing hearing. On May 7, 2015, the [c]ourt heard from [Appellant's] trial lawyer, [Attorney] Weinberg. The direct[-]examination did not make a single reference to character witnesses at sentencing. Given the limitation of topics explored on direct[-examination], the cross-examination of Attorney Weinberg did not broach this topic. Similarly, further questioning also did not reference this topic. The [c]ourt concludes this issue was abandoned by [Appellant].

PCRA Court Opinion, 7/19/16, at 3 (citations to the record omitted).

Our review of the record confirms that Appellant - who was then represented by Attorney Tutura - presented no evidence at the PCRA hearing to support his claim that Attorney Weinberg ineffectively failed to discuss with Appellant, or call to the stand, character witnesses at Appellant's sentencing hearing. Thus, Appellant's third ineffectiveness claim is meritless.

In sum, we agree with Attorney Patterson that Appellant's IAC claims are meritless. However, we must next examine a *pro se* response to counsel's petition to withdraw that Appellant has filed with this Court. Therein, Appellant reiterates arguments regarding Attorney Weinberg's purported ineffectiveness for the three reasons discussed and rejected, *supra*. He also adds a claim that Attorney Weinberg was ineffective for not "ensur[ing] that [Appellant] was off all psychedelic drugs that would impair his decision making process" before allowing Appellant to plead guilty. Appellant's *Pro Se* Response, 3/20/17, at 2. Appellant provides no further

- 14 -

discussion of this allegation of ineffectiveness, and there was no evidence presented at the PCRA hearing regarding such a claim. Thus, it is meritless.

Additionally, to the extent that Appellant seemingly challenges Attorney Patterson's representation, his non-specific claim that counsel has "become an advocate for the Commonwealth" is unconvincing. Further, while Appellant challenges Attorney Patterson's conclusion that his IAC claims are meritless, for the reasons stated *infra*, we disagree. In sum, none of the undeveloped claims that Appellant asserts in his *pro se* response to Attorney Patterson's petition to withdraw convinces us that his trial counsel - or Attorney Patterson - acted ineffectively.

Finally, we are compelled to *sua sponte* address whether Appellant's concurrent sentence for simple assault is illegal, as it should have merged with his aggravated assault offense for sentencing purposes.[5] It is clear that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S. § 9765. Here, both Appellant's

---

[5] "A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence." **Commonwealth v. Quintua**, 56 A.3d 299, 400 (Pa. Super. 2012). Challenges to "[a]n illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." **Commonwealth v. Archer**, 722 A.2d 203, 209 (Pa. Super. 1998) (*en banc*).

assault convictions arose from a single criminal act, *i.e.*, his beating the victim with a baseball bat, and all of the statutory elements of simple assault are included in the statutory elements of aggravated assault. **See** 18 Pa.C.S. §§ 2701, 2702. Accordingly, the court did not have authority to impose separate - albeit concurrent - sentences for aggravated assault and simple assault. Thus, we must vacate Appellant's simple assault sentence.[6]

Order affirmed. Judgment of sentence vacated in part. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2017

---

[6] Because the court imposed that sentence to run concurrently with Appellant's aggravated assault conviction, our disposition does not upset the court's overall sentencing scheme, and we need not remand for resentencing.